IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| XAVIER L. CRITTENDON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-1624 |
| | § | |
| TEXAS DEPARTMENT OF HEALTH | § | |
| AND HUMAN SERVICES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Xavier Crittendon, representing herself, sued the Texas Department of Health and Human Services; Commissioner Henry "Hank" Whitman, Jr.; and employees Kim Davis, LeCrecia Wells, Walter Rideaux, Jennifer Johnson, Rosa K. Phifer, Connie Preseley, Amanda Harrington, Neva Ward, and Susan Marbut. (Docket Entry No. 1). The defendants moved to dismiss for insufficient process and insufficient service of process under Rule 12(b)(4) and (5). (Docket Entry Nos. 16, 17). The defendants also moved to stay discovery pending resolution of their motions. (Docket Entry No. 19). Crittendon responded, moved to amend her complaint, moved for a continuance and to lift the stay, and moved for a default judgment. (Docket Entry Nos. 20, 23, 24, 25, 27, 39). The Department and its employees filed special appearances to oppose Crittendon's motions. (Docket Entry Nos. 35, 42, 43).

Based on the complaint, the motions and responses, and the applicable law, the court grants the defendants' motions to dismiss, with prejudice. The reasons for this ruling are set out below.

I.  **Background**

Crittendon alleges that the Texas Department of Health and Human Services and its affiliates have committed conspiracy and "mob-like crimes," including threatening to shut down a child care facility, committing perjury before administrative courts, committing intrinsic and extrinsic fraud to prevent a facility's submission of evidence to an administrative court, and intentionally delaying new applicants' background checks.   (Docket Entry No. 1 at 1–3). Crittendon writes her complaint as a series of questions, raising issues relating to violations of the Texas Penal Code and Human Resources Code. (Docket Entry No. 1 at 1-2).  Crittendon requests relief, which, in her motion to amend, she claims is damages in the amount of 1% of the biennium budget.  (Docket Entry No. 23 at 3).

Crittendon filed her original complaint on May 1, 2019, but she did not serve the defendants. Almost three months after filing her complaint, Crittendon filed an amended complaint, asking for leave to add defendants who were already named.  (Docket Entry No. 9). The court denied the motion to amend and ordered Crittendon to serve the defendants by September 20, 2019.  (Docket Entry No. 14).  Crittendon attempted to serve Rideaux, Phifer, Johnson, Harrington, Wells, Davis, Preseley, and Marbut by certified mail.  (Docket Entry Nos. 22, 26, 28-33).  The receipt of service shows the summonses were received on August 21, 2019. (*Id.*).

The Department and its employees made a "special appearance"—a state-law term—and moved to dismiss for insufficient process and insufficient service of process under Rules 12(b)(4) and (5).  (Docket Entry No. 16).  They allege that Crittendon attempted to effect service herself and failed to provide them a copy of the complaint, leading them to "only speculate about what allegations are brought against them."  (Docket Entry No. 16 at 2).  Davis also made a "special

appearance" and moved to dismiss, alleging that the incorrect Kim Davis was served, and that the intended recipient is now deceased. (Docket Entry No. 17 at 1). Crittendon agrees and asks that Davis be removed as a defendant, but she continues to list Davis as a defendant in her amended complaint. (Docket Entry Nos. 24, 23). The Department, its employees, and Davis submitted "anticipated barriers" to the suit as potential grounds for dismissal. (Docket Entry No. 16 at 4; Docket Entry No. 17 at 4). The Department also moved to stay discovery pending resolution of the motions to dismiss. (Docket Entry No. 19).

Crittendon responded and moved to proceed with the case. (Docket Entry No. 25). Crittendon argues that service complied with Local Rule 5.5 and Federal Rule 5(b) because the defendants were "[s]ummonsed with proof of receipt." (Docket Entry No. 25 at 1-2). She also argues that she mailed a copy of the amended complaint to counsel for the Department and its employees. (*Id.* at 2). Crittendon filed another motion for leave to amend, filing the same amended complaint she had previously submitted. (Docket Entry No. 23). On September 30, 2019, Crittendon filed another response, explaining that she resubmitted "all parts of the SUMMARY as a courtesy TO EACH DEFENDANT and to assure" proper service. (Docket Entry No. 37 at 1).

The Department employees filed additional "special appearances" to oppose Crittendon's motions for leave to amend and for a default judgment. (Docket Entry Nos. 42, 43). They repeat that they have not been properly served, depriving the court of personal jurisdiction, but do not say whether they received a copy of the complaint from Crittendon's latest mailing. (Docket Entry No. 42).

## II. The Legal Standard

### A. A Motion to Dismiss for Insufficient Process and Service of Process

The rules for serving process are intended to give defendants sufficient notice of an action filed against them. *See* 4 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1061 (4th ed. 2019) ("[Federal Rule 4] was designed to provide maximum freedom and flexibility in the procedures for giving all defendants . . . no matter where they might be located, notice of the commencement of the action."); *see also Goetz v. Synthesys Techs., Inc.*, 415 F.3d 481, 484 (5th Cir. 2005) (the primary purpose of the service requirements is to give defendants actual notice of litigation against them).

A party may raise insufficient process or insufficient service of process by moving to dismiss under Rules 12(b)(4) or 12(b)(5). "When service of process is challenged, the serving party bears the burden of proving good cause for failure to effect timely service." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (alteration omitted) (quotation marks omitted). "Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quotation omitted). "[S]ome showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Id.* (quotation omitted). "Even if the plaintiff lacks good cause, the court has discretion to extend the time for service." *Id.* Dismissal for failure to timely serve is without prejudice and is reviewed on appeal for an abuse of discretion. *Id.*

A plaintiff can meet the burden of establishing that the defendant was properly served by producing the process server's return of service, which is generally accepted as *prima facie* evidence that service was properly effected. *Nabulsi v. Nahyan*, No. H-06-2683, 2009 WL

1658017, at *4 (S.D. Tex. June 12, 2009), *aff'd sub nom. Nabulsi v. Bin Zayed Al Nahyan*, 383 F. App'x 380 (5th Cir. 2010). "Unless some defect is shown on the face of the return, a motion to dismiss under Rule 12(b)(5) requires the defendant to produce admissible evidence establishing the lack of proper service." *Id.*

### B. A Motion for Leave to Amend

A plaintiff representing herself "should be offered an opportunity to amend" unless he "has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). The district court has "discretion to grant or deny a motion to amend and may consider a variety of factors including 'undue delay, bad faith or dilatory motive on part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (alteration and quotation omitted). Amendment is futile if it would fail to survive a motion to dismiss. *Id.*

### III. Analysis

#### A. Insufficient Process and Service of Process

The defendants argue that they have not been properly served because Crittendon mailed them service herself and did not include a copy of the complaint. (Docket Entry No. 16 at 3–4; Docket Entry No. 17 at 3–4). The defendants attach as exhibits two packets they received, which included allegations by Crittendon, but not the original or amended complaint. (Docket Entry Nos. 16-A and 16-C).

The Federal Rules of Civil Procedure provide that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." FED. R. CIV. P. 4(c)(2). The Texas

Rules of Civil Procedure similarly state that "no person who is a party to or interested in the outcome of a suit may serve any process in that suit." TEX. R. CIV. P. 103. "[U]nder both the Federal Rules of Civil Procedure and the Texas Rules of Civil Procedure, a party is not permitted to serve process, even by mail." *Avdeef v. Royal Bank of Scot., P.L.C.*, 616 F. App'x 665, 672 (5th Cir. 2015) (citing FED. R. CIV. P. 4(c)(2) and TEX. R. CIV. P. 103). "There is no exception for pro se litigants." *Id.*; *see also Shabazz v. City of Hous.*, 515 F. App'x. 263, 264 (5th Cir. 2013) (per curiam). A copy of the complaint must be served with a summons. FED. R. CIV. P. 4(c)(1). Neither Local Rule 5.5 nor Federal Rule 5(b) offer service by a party to the litigation, or without a copy of the complaint. *See* FED. R. CIV. P. 5(b) (providing methods of service); LOCAL RULE LR5.5. Service on a party's counsel is not appropriate if counsel is not an authorized agent. FED. R. CIV. P. 4(e)(2)(c). A state-created organization may be served on its chief executive officer or as prescribed by state law. FED. R. CIV. P. 4(j)(2).

Crittendon's method of service does not comply with federal or state law procedure. She has not shown good cause for failing to comply, despite filings that told her she had used improper service methods. Her complaint is dismissed, with prejudice because the court has already extended the time for service and because amendment would be futile.

### B. Leave to Amend

Crittendon moved again to amend the original complaint and filed her proposed amended complaint. (Docket Entry No. 23). The original and proposed amended complaints are nearly identical and present the same claims and factual allegations.

The Department opposes Crittendon's motion to amend, arguing that amendment would be futile. (Docket Entry No. 42 at 4). The Department argues that Crittendon lacks standing to bring criminal claims; is barred by the Eleventh Amendment from bringing any civil claims against

the state agency and employees in their formal capacities; and is barred by qualified immunity from bringing claims against the state agency's employees in their individual capacities. (Docket Entry No. 42 at 4–7).

Crittendon cites Texas Penal Code §§ 36.06 (Obstruction or Retaliation), 39.03 (Official Oppression), and 39.06 (Misuse of Official Information). The Penal Code does not provide a private cause of action. *See Thompson v. Wells Fargo Bank, N.A.*, No. CV H-15-598, 2016 WL 164114, at *4 (S.D. Tex. Jan. 14, 2016), *aff'd sub nom. Thompson v. Wells Fargo Bank Nat'l Ass'n*, 684 F. App'x 464 (5th Cir. 2017); *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007) ("Simply, a private citizen cannot enforce criminal statutes in a civil action."); *Mass v. McDonald's Corp.*, No. 3:04-CV-0483-M, 2004 WL 2624255, at *5 (N.D. Tex. Nov. 12, 2004) ("[A] a private party may not enforce criminal statutes through a civil action."). Crittendon cites Texas Human Resources Code § 42.0447 (False Report; Criminal Penalty), which is a Class A misdemeanor, a criminal offense, and not the basis for a civil claim. TEX. HUM. RES. CODE § 42.0447(b). These claims cannot be asserted.

In addition, to the extent that Crittendon's proposed amended complaint asserts claims against the Department and its employees in their official capacities, those claims are barred by sovereign immunity. The Eleventh Amendment bars suits in federal court by a state's citizens against their own state or state agency or department. *Sissom v. Univ. of Tex. High Sch.*, 927 F.3d 343, 346–47 (5th Cir. 2019). "When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity." *Cozzo v. Tangipahoa Par. Council–President Gov't*, 279 F.3d 273, 280–81 (5th Cir. 2002). A suit for damages against a state official in his or her official capacity is not a suit

against the individual, but against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Texas has not waived sovereign immunity in this kind of suit.

The defendants also argue that the claims brought against the Department's employees in their individual capacities are barred by qualified immunity. (Docket Entry No. 42 at 6). "The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 347 (5th Cir. 2017) (quoting *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc)). "This immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Swanson*, 659 F.3d at 371 (quoting *Malley v. Briggs*, 45 U.S. 335, 341 (1986)). Once a defendant has asserted qualified immunity, the plaintiff must prove that the defendant "(1) 'violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.'" *Brinsdon*, 863 F.3d at 347 (quoting *Swanson*, 659 F.3d at 371). Crittendon has not identified any federally protected statutory or constitutional rights the defendants violated. To the extent she alleges claims against the Department's employees in their individual capacities, her amended complaint is barred by qualified immunity.

Because Crittendon's proposed amended complaint would not survive a motion to dismiss, efforts at amendment have failed to correct the deficiencies, and the deficiencies arise from rules of law that cannot be cured by amendment, the court denies her motion for leave to amend her complaint, and dismisses this lawsuit with prejudice.

## IV.    Conclusion

The defendants' motions to dismiss are granted, with prejudice. (Docket Entry Nos. 16, 17). Crittendon's motion to amend her complaint is denied. (Docket Entry No. 23). The proposed complaint shows that further amendment would be futile. The Department's motion to stay

discovery, and Crittendon's motions for continuance, to lift the stay, and for default judgment, are moot. (Docket Entry Nos. 19, 25, 27, 39).

An order of dismissal is separately entered.

SIGNED on November 12, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge